UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES DARREN EASTRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00013-TWP-KMB |
| | ) |
| STATE OF INDIANA, | ) |
| WILLIAM WHELAAN, Sellersburg Police Dept., | ) |
| ALEXIS WHELAN, | ) |
| RYAN KNIGHT, Sellersburg Police Dept., | ) |
| TODD KNIGHT, Sellersburg Police Dept., | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT
AND ORDERING PLAINTIFF TO SHOW CAUSE**

This matter is before the Court on *pro se* plaintiff James Darren Eastridge's ("Eastridge") Motion for Leave to file in forma pauperis (Dkt. 2) and for screening of his Complaint. Eastridge filed this action on January 25, 2023, naming 102 defendants. (Dkt. 1.) For the reasons set forth below, the Court denies the request to proceed *in forma pauperis* and will dismiss the Complaint and permit Plaintiff one opportunity to file an amended complaint.

**I. DISCUSSION**

**A.  Filing Fee**

Eastridge is currently incarcerated at the Clark County Detention Center in Jeffersonville, Indiana. The Indiana state court public docket indicates that he awaits trial on state charges under Cause Number 10C01-2210-F4-000057. *See Parungoa v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned").

Eastridge did not pay the filing fee when filing this case. Normally, the Court would order

a prisoner seeking to proceed *in forma pauperis* to submit an affidavit stating that he is unable to pay the fee and statements for his incarceration trust account, so the Court could calculate the proper partial filing fee. *See* 28 U.S.C. § 1915(b). However, a prisoner who has had three prior federal civil actions brought during incarceration dismissed on the grounds the actions were "frivolous, malicious, or failed to state a claim on which relief can be granted" may not proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

In the last several years, Eastridge has filed fourteen (14) cases in this Court while incarcerated, all of which were dismissed.[1] At least four of those were dismissed because they were frivolous and failed to state a claim for relief. *See Eastridge v. Ind. Intelligence Fusion Center of Court, et al.*, No. 4:19-cv-00088-TWP-DML (S.D. Ind. May 3, 2019); *Eastridge v. Ind. Intelligence Fusion Center, et al.*, No. 1:19-cv-02043-SEB-DLP (S.D. Ind. Aug. 5, 2019); *Eastridge v. Hornback, et al.*, No. 1:19-cv-02088-SEB-MPB (S.D. Ind. Aug. 5, 2019); *Eastridge v. Clarksville Police Dept. et al*., No. 4:19-cv-00128-SEB-DML (S.D. Ind. Aug. 5, 2019). Therefore, Eastridge has "struck out" under 28 U.S.C. § 1915(g) and must pay the filing fee of $402.00 to proceed with this case.

In addition, Eastridge was untruthful in his motion to proceed *in forma pauperis* because he failed to list eleven of his previous lawsuits in this Court. (Dkt. 2.) For these reasons, the motion to proceed *in forma pauperis* must be **denied**. Eastridge must pay the full filing fee in order for his case to proceed.

B.   <u>**Screening Standard**</u>

The Court will screen Eastridge's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which

---

[1] Reference to the Indiana state court public docket reflects that Eastridge was in pretrial detention under Cause Number 10C04-1804-F5-000093 when he filed eleven lawsuits here in 2019. He was released in 2020 and filed nothing more until December 2022. Shortly before that, he was charged with another crime and is again in pretrial detention.

provides in relevant part that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief.

(emphasis added).  In the Seventh Circuit, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Griffin v. Milwaukee Cnty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

In determining whether a complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).  The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

C.     **The Complaint**

Eastridge's Complaint states that he brings this action pursuant to 42 U.S.C. § 1983, which permits actions for violations of constitutional rights by persons acting under color of state law.

The Complaint names 102 defendants; he sues the State of Indiana, numerous private citizens, as well as numerous law enforcement officers or entities. The body of the Complaint spans 45 pages and is followed by 31 pages of exhibits. The Complaint is largely incomprehensible. It is a series of disjointed statements apparently relating to his previous interactions with law enforcement and the courts. He repeatedly references "falsified documents," "synthetic neurologic telepathy," and "satellite thermal imaging". He devotes multiple pages to recitations of court cases and statutes from various jurisdictions. He lists several constitutional provisions in his Complaint, but he never specifies who violated his constitutional rights, what actions they took, when they took them, or how those actions violated his rights. Even construing the Complaint liberally, the Court cannot discern within it any understandable claim for relief.

Eastridge's exhibits, comprised largely of documents relating to his mental health history, do not clarify the Complaint. Accordingly, the Court finds that Eastridge's Complaint is frivolous and fails to state a claim upon which relief can be granted. The Complaint is subject to dismissal on this basis.

**D.**     **Opportunity to Show Cause**

Eastridge shall have through **Thursday, February 23, 2023**, to pay the filing fee in this case. He also has until that date to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Eastridge elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim

4

showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury Eastridge claims to have suffered, what persons are responsible for each such legal injury, and when and where each legal injury occurred.

## II.  CONCLUSION

For the reasons stated above, Eastridge's Request to Proceed in District Court Without Prepaying the Filing Fee (Dkt. 2) is **DENIED**.  Having screened the Complaint, the Court finds it is subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted. Eastridge is granted leave to pay the filing fee and file an amended complaint by no later than **Thursday, February 24, 2023**.  If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date:  2/2/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

James Darren Eastridge, #27502
Clark County Detention Center
501 Court Avenue
Jeffersonville, Indiana  47130

5